**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

Charlotte L. Murphy,             )
                                       )
      Plaintiff,              )
                                       )
      v.                     )    No.
                                       )
Scott Lowery Law Office, P.C., a   )
Colorado corporation, CACH, LLC, a   )  **1 : 07** -cv- 0 4 9 8 -LJM -WTL
Colorado limited liability company and  )
Bank of America N.A., a national      )
banking association,                 )
                                       )
      Defendants.          )    <u>Jury Demanded</u>

## COMPLAINT

Plaintiff, Charlotte L. Murphy, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), Indiana's defamation statute, Indiana Code 34-15-1-1, and Indiana common law for a declaration that Defendants' debt collection practices are illegal and fraudulent, and to recover damages for Defendants' illegal collection practices, and alleges:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over Plaintiff's FDCPA claims against Defendants CACH, LLC and Scott Lowery Law Office, P.C., pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    This Court has supplemental jurisdiction over Plaintiff's defamation and common law fraud claims against Defendant Bank of America Corporation, pursuant to 28 U.S.C. § 1367(a).

3.       Venue is proper in this District because the acts and transactions occurred here, Plaintiff Murphy resides here, and Defendants transact business here.

**PARTIES**

4.       Plaintiff, Charlotte L. Murphy ("Murphy"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to MBNA America Bank, n/k/a Bank of America, N.A., but now allegedly owed to a debt scavenger, CACH, LLC.

5.       Defendant, Scott Lowery Law Office, P.C., is a Colorado corporation and law firm ("Lowery"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, Defendant Lowery was acting as debt collector as to the delinquent consumer debt it attempted to collect from Ms. Murphy.

6.       Defendant, CACH, LLC, is a Colorado limited liability company ("CACH"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, Defendant CACH was acting as debt collector as to the delinquent consumer debt it attempted to collect from Ms. Murphy.

7.       Defendant CACH is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debt it then aggressively attempts to collect via its own nationwide network of

2

collection lawyers.  Defendant Lowery is one of the collection lawyers in CACH's nationwide network of lawyers.

8.       Defendant, Bank of America, N.A., is a national banking association that took over MBNA America and its vast portfolio of consumer credit cards ("BOA").  BOA (as did MBNA) sells portfolios of delinquent credit card debts to debt scavengers for pennies on the dollar.

### FACTUAL ALLEGATIONS

9.       Ms. Murphy and her former husband, Joseph G. Murphy, were divorced in February, 2000.  Joseph G. Murphy had a consumer credit card account with MBNA America, but fell behind on paying his MBNA America debt during June, 2005, and the account became delinquent.

10.      On October 14, 2005, Joseph G. Murphy filed a bankruptcy petition in a matter styled, In re: Murphy, N.D. Ind. Bankr., No. 05-29930-AJM-7, in which he listed, among other debts, the debt he owed to MBNA.  Joseph G. Murphy ultimately was discharged from his liability for this debt.

11.      During December, 2005, Ms. Murphy became aware that her former husband's MBNA America debt was being wrongly reported as a delinquent joint account on her credit history.  Accordingly, Ms. Murphy disputed this debt with MBNA America and the credit reporting agencies, and because MBNA America had no proof that Ms. Murphy owed this debt, the negative credit report was deleted from her credit reports.

12.      At some point in time, MBNA America wrongly sold the MBNA America account that Mr. Murphy had been liable for prior to his bankruptcy to Defendant CACH

3

and baselessly told CACH that Ms. Murphy was now liable for the account.  Defendant
CACH then hired the Law Offices of Sam Streeter ("Streeter") to demand payment from
Ms. Murphy of the bogus MBNA account.

13.    After Streeter began demanding that Ms. Murphy pay CACH for the bogus
MBNA account, Ms. Murphy informed Streeter and CACH that the account was not
hers.  Moreover, when her dispute of the account was ignored, Ms. Murphy then sued
CACH and Streeter for violating the FDCPA in a matter styled Murphy v. Law Offices of
Sam Streeter and CACH, No. 1:06-CV-1056-DFH-TAB (S.D. Ind.)(hereafter "Murphy I").

14.    Although BOA assured CACH and Streeter during Murphy I that Ms.
Murphy owed the MBNA America account at issue – even going so far as to submit an
affidavit to that effect – a discovery deposition of BOA revealed that BOA's claims, that
Ms. Murphy owed the account, had absolutely no factual basis.  A settlement quickly
ensued, which included not only CACH and Streeter, but also BOA.  The most important
part of that settlement was that Ms. Murphy would be released from any liability
regarding the bogus BOA/MBNA America account.  A copy of this Full And Final
Settlement Agreement And Release is attached as Exhibit A.   Accordingly, on February
6, 2007, Murphy I was dismissed.

15.    The ink had barely dried on the dismissal order in Murphy I, when, in utter
disregard of the truth, and in utter disregard of the settlement, BOA again sold Ms.
Murphy's bogus MBNA America account to CACH.  CACH, in turn, hired yet another
collection law firm, Defendant Lowery, to collect from Ms. Murphy the MBNA America
debt.  Accordingly, on February 16, 2007, Defendant Lowery sent Ms. Murphy, at the
address of her ex-husband, a collection letter demanding payment of the MBNA debt,

4

which letter was forwarded to Ms. Murphy.  A copy of the collection letter is attached as Exhibit B.

16.     Upon reading this collection letter, on or about March 12, 2007, Ms. Murphy called Defendant Lowery to inform it that there must be some mistake, as she had never owed the debt, and, in any case, had been released from any liability. Lowery's debt collector, however, told Ms. Murphy that there was no mistake, that Lowery and CACH were indeed demanding payment of the debt, and that if Ms. Murphy did not owe the debt she had to prove that she did not owe the debt – all of which left Ms. Murphy feeling duped and defrauded and caused her great mental anguish.

17.     All of Defendants' actions for which redress is sought occurred within one year of the date of this Complaint.

18.     Defendants, CACH's and Lowery's, statements are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

19.     Plaintiff adopts and realleges ¶¶ 1-18.  This Count is brought solely against Defendants CACH and Lowery.

20.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

5

21.     The debt at issue was never owed by Ms. Murphy, and clearly was no longer owed pursuant to the Full and Final Settlement Agreement and Release (Exhibit A).  Accordingly, Defendants CACH and Lowery violated these provisions by falsely demanding payment of a debt that was not owed by Ms. Murphy.

22.     Defendants, CACH's and Lowery's, violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

23.     Plaintiff adopts and realleges ¶¶ 1-18.  This Count is brought solely against Defendants CACH and Lowery.

24.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.  Attempting to collect a debt that is not owed, due to a Full and Final Settlement Agreement and Release (Exhibit A), is unfair or unconscionable, in violation of § 1692f of the FDCPA.

25.     Defendants', CACH's and Lowery's, violation of § 1692f of the FDCPA render them liable for damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of Indiana Code § 34-15-1-1**
**Making Defamatory Statements**

26.     Plaintiff adopts and realleges ¶¶ 1-18.  This Count is brought solely against Defendant BOA.

27.     To maintain an action for defamation in Indiana, a plaintiff must show a

6

communication with defamatory imputation, malice, publication, and damages.  Street v.

Shoe Carnival, Inc., 660 N.E.2d 1054, 1059 (Ind. App.1996).

28.     Defendant, BOA, was notified on numerous occasions that Ms. Murphy

did not owe the debt at issue.  First, it had no proof she ever owed the debt.  Second,

Ms. Murphy absolutely did not owe the debt after she entered into the Full and Final

Settlement Agreement and Release with BOA and CACH (Exhibit A).  BOA nonetheless

falsely claimed that Ms. Murphy owed the debt at issue, and re-sold the account to

Defendant CACH, who then unleashed Defendant Lowery to collect the bogus account,

thus leading Lowery to institute collection actions against Ms. Murphy wrongly (Exhibit

B).  Defendant BOA thus published a defamatory communication about Ms. Murphy.

29.     Defendant BOA's actions caused Ms. Murphy emotional distress, and

forced her to hire attorneys to stop BOA's actions and continued attempts to obtain

payment of a debt that was not owed by Ms. Murphy.

30.     Defendant's, BOA's, violations of Ind. Code Ann. § 34-15-1-1 render it

liable for actual and punitive damages and costs.

### COUNT IV
### Common Law Fraud

31.     Plaintiff adopts and realleges ¶¶ 1-18.  This Count is brought solely

against Defendant BOA.

32.     To maintain an action for common law fraud in Indiana, a plaintiff must

show: (1) a material misrepresentation, (2) of past or existing facts, (3) the falsity of the

representation, (4) that the representation was made with knowledge or reckless

ignorance of its falsity, and (5) detrimental reliance on the representations. Payday

Today, Inc., v. McCullough, 841 N.E.2d 638, 644 (Ind.Ct.App. 2006), citing,

AutoXchange.com, Inc. v. Dreyer and Reinbold, Inc., 816 N.E.2d 40, 51 (Ind.Ct.App. 2004)

33.     Defendant BOA knowingly, or with reckless disregard for the truth, materially misrepresented the fact that Ms. Murphy owed the BOA/MBNA America debt, that it was releasing her from any and all liability for that debt, and that the account could be re-sold to CACH for it to thereafter collect.  These material misrepresentations were made by BOA with the intent that others rely on these statement and, in fact, Ms. Murphy and others relied upon these statements.

34.     Defendant BOA's fraudulent misrepresentation caused Ms. Murphy damage, including, but not limited to, emotional distress and having to again hire attorneys to stop BOA's wrongful actions.

35.     Defendant BOA's fraudulent actions render it liable for actual and punitive damages and costs.

## PRAYER FOR RELIEF

Plaintiff, Charlotte L. Murphy, prays that this Court:

1.     Declare that Defendants Lowery's and CACH's debt collection practices violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Murphy, and against Defendants CACH and Lowery for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

3.     Declare that Defendants BOA defamed Plaintiff Murphy and committed common law fraud;

8

4.     Enter judgment in favor of Plaintiff Murphy, and against Defendant BOA

for actual and punitive damages and costs; and,

5.     Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Charlotte L. Murphy, demands trial by jury.

Charlotte L. Murphy,

By:

One of Plaintiff's Attorneys

Dated: April 20, 2007

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Gomolinski & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

Steven J. Halbert     (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)